UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELLERY MYERS, ET AL | CIVIL ACTION NO. 17-cv-0621 |
| VERSUS | JUDGE JAMES |
| BHUPINDER SINGH DHILLON | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Ellery Myers and Nichole Myers, a minor, were passengers in a Honda Civic that was involved in an accident with a tractor-trailer rig on Interstate 49. The tractor-trailer allegedly struck the Honda and caused it to veer from the road and turn over a number of times, resulting in a broken back for Ellery Myers and other personal injuries.

Plaintiffs filed suit in state court, and the case was removed based on diversity jurisdiction. Plaintiffs did not, despite a reminder from the court, make timely service, and their complaint was dismissed. They filed a request for reinstatement, based on an affidavit of service, and it was granted. Now before the court is a Motion to Quash Service/Process (Doc. 22) filed by two of the defendants. For the reasons that follow, it is recommended that the motion be granted and that Plaintiffs be allowed one final opportunity to effect valid service in this case.

**Relevant Facts**

The state court petition named three defendants: (1) Bhupinder Singh Dhillon (truck driver), (2) Chauhan Carrier, Inc. (trucking company), and (3) American Continental

Insurance Company (truck insurer). Defendants pointed out in their notice of removal that the actual insurer was Redwood Fire & Casualty Insurance Company. The notice of removal stated that there were indications in the state court record that Plaintiffs had requested service, but there was no evidence that any service had been completed.

After the case was removed, Defendants filed a motion to dismiss the claims of the minor Nichole Myers on the grounds that she did not have the proper procedural capacity. Plaintiffs cured this by filing an amended complaint to name as a plaintiff Ellery Myers, in his capacity as natural tutor of the child. Despite more than one representation in the record that Redwood Fire & Casualty was the proper insurer of the truck, the amended complaint continued to list American Continental Insurance Company as the only insurer defendant. Doc. 13.

After the case had been pending for about four months with no indication of service, the Clerk of Court issued a notice of intent to dismiss (Doc. 14) that allowed Plaintiffs 14 days to file a motion for extension of time to make service. The order warned that the civil action could be dismissed if no action was taken. Almost a month passed with no action by Plaintiffs, so the Clerk of Court entered an order of dismissal (Doc. 15) that allowed a request for reinstatement within 30 days for good cause shown.

With the 30-day deadline approaching, Plaintiffs filed a motion to reinstate and represented that actions had been taken to effect proper service on Chauhan Carrier, Inc. and Redwood Fire & Casualty. Judge James granted the request for reinstatement on November 2, 2017 and ordered that Plaintiffs make service on defendant Bhupinder S. Dhillon within 45 days, failing which the court would dismiss the claims against Dhillon.

Doc. 21. More than 60 days have passed, but there is no indication that Plaintiffs have served Dhillon.

**Analysis of the Motion**

    **A. Introduction; Service Rules**

A few days after the case was reinstated, Chauhan Carrier, Inc. and Redwood Fire & Casualty filed the Motion to Quash Service that is before the court. They challenge the validity of the efforts to serve them. "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiffs were provided an opportunity to respond to the Motion to Quash and meet the burden, but they have not filed anything.

Service in federal court is governed by Federal Rule of Civil Procedure 4. The plaintiff may request that a defendant waive service, and the rule imposes a duty on the defendant to avoid the unnecessary expenses of service and grant the requested waiver. There is no indication Plaintiffs have requested or received a waiver from any defendant.

Rule 4 provides that actual service may be made by any person who is at least 18 and not a party to the case. An individual defendant may generally be served by following state law that applies in the courts of the state where the federal district court is located or where service is made, or by delivering a copy of the summons and the complaint to the individual, his dwelling, or his agent. A corporation may generally be served in the same manner provided for serving an individual or by delivering a copy of the summons and complaint to an authorized agent for receiving service.

The Louisiana law incorporated into Rule 4 allows service on a non-resident such as Chauhan or Redwood to be made under the long-arm statute. Service under the statute is to be made by registered or certified mail, or by actual delivery by commercial courier, of a certified copy of the citation/summons and of the petition/complaint. La. R.S. 13:3204. No default based on long-arm service may be entered until 30 days after the filing of an affidavit of a person that they have mailed the process in a properly addressed envelope, with sufficient postage, with the return receipt of the defendant attached. Section 3205.

**B.  Chauhan Carrier, Inc.**

Chauhan Carrier, Inc. challenges the service on it on the grounds that service was not delivered to a proper agent for service and was not accompanied by a citation or summons. Plaintiffs stated in their original petition that the agent for Chauhan Carrier, Inc. was Simrandeep Kaur Chauhan at an address in California. In the affidavit of service, however, a legal secretary for Plaintiffs' counsel testified that mail was sent to Chauhan Carrier, Inc. to the attention of Bhupinder Singh (which are the first and middle names of the truck driver). The certified mail receipt is consistent. There is no indication that the person to whom the mail was addressed was a proper agent for service on the corporation.

The affidavit of service states that "certified notice of a Petition for Personal Injury" was mailed, but there is no mention of a citation or summons. A long-arm affidavit that does not mention the citation requirement facially fails the strict statutory requirements. Folse v. St. Rose Farms, Inc., 165 So.3d 104, 109 (La. App. 5th Cir. 2014); Evans v. Johnson, 2017 WL 3037805 (W. D. La. 2017) (affidavit of service was flawed because it did not indicate that a copy of the citation was also served). Plaintiffs have not responded

and attempted to meet their burden of overcoming these challenges, so the purported service on Chauhan Carrier, Inc. is invalid.

### C. Redwood Fire & Casualty

It has been suggested to Plaintiffs at least twice that Redwood Fire & Casualty is the proper insurer, but they have yet to amend their complaint to actually sue Redwood. Their affidavit of service does attest that certified notice of a petition for personal injury was sent to Anne Harigan of Redwood Fire & Casualty Insurance Company. The affidavit adds that notice was also sent to Redwood by Fed Ex. Redwood challenges the service on the grounds that there is no indication that citation or summons were delivered. Plaintiffs have not attempted to meet their burden of overcoming that objection, so the service attempt on Redwood (not even a named defendant) is also invalid.

**Proper Remedy**

Federal Rule of Civil Procedure 4(m) requires that service be made within 90 days after the filing of the complaint (or removal in a removed case). This case is well beyond that point. Plaintiffs have now had eight months and multiple reminders and opportunities to name and serve the three defendants in this action. "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013). A discretionary extension may be warranted "for example, if the applicable statute of limitations would bar the refiled action…" Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008). The accident in this case is alleged to have happened in April 2016, so limitations is an issue if the case is dismissed for lack of service.

When a court finds that process has not been properly served on a defendant, it has broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. Dismissal is usually disfavored if there is a reasonable prospect that service may yet be obtained. Brown v. Lafayette City-Par. Consol. Gov't, 2014 WL 1212699, *2 (W.D. La. 2014). The "general rule" is that when a court finds that service is insufficient but curable, it should quash the service and give the plaintiff an opportunity to re-serve the defendant. Rhodes v. J.P. Sauer & Sohn, Inc., 98 F.Supp.2d 746, 750 (W.D. La. 2000).

These plaintiffs have already had more than one opportunity to get service right, but the undersigned recommends that a final chance be provided before this personal injury suit, which appears to involve serious injuries, is dismissed and generates a legal malpractice claim. If the district judge accepts this Report and Recommendation, Plaintiffs should be allowed 30 days thereafter to file evidence of valid service on each named defendant. Plaintiffs should also promptly determine whether they wish to sue American Continental Insurance Company, Redwood Fire & Casualty Insurance Company, or both, and then move to amend their complaint accordingly. The undersigned will not grant or recommend the granting of any additional extensions of time for service absent a showing of extraordinary good cause.

Accordingly,

**IT IS RECOMMENDED** that Defendants' Motion to Quash Service/Process (Doc. 22) be **granted** by quashing the purported service on Chauhan Carrier, Inc. and Redwood Fire & Casualty Insurance Company.

**IT IS FURTHER RECOMMENDED** that Plaintiffs be allowed 30 days to amend their complaint to identify the correct insurer and to file evidence of valid service on all defendants, failing which the claims against any unserved defendant will be subject to dismissal.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of January, 2018.



Mark L. Hornsby
U.S. Magistrate Judge