UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELLERY MYERS | CIVIL ACTION NO. 17-cv-0621 |
| VERSUS | JUDGE DOUGHTY |
| BHUPINDER SINGH DHILLON, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Ellery and Nichole Myers, represented by attorney Cloyd Benjamin Jr., filed this personal injury suit in state court. Defendants removed the case based on diversity jurisdiction. After a number of failed opportunities to make timely service, counsel for the plaintiffs withdrew. The court ordered Ellery Myers ("Plaintiff"), who appeared for himself and as tutor for Nichole, to either enroll new counsel or file a written statement of intent to proceed without counsel. The deadline passed without action, and Defendants filed a Motion to Dismiss (Doc. 29) for failure to prosecute and failure to make timely service. Plaintiff has not filed any opposition. For the reasons that follow, it is recommended that the Motion to Dismiss be granted and this civil action be dismissed.

### Relevant Facts

Ellery and Nichole were passengers in a Honda Civic that was involved in an accident with a tractor-trailer rig on Interstate 49. The tractor-trailer allegedly struck the Honda and caused it to veer from the road and turn over a number of times, resulting in a broken back for Ellery Myers and other personal injuries. The state court petition named

three defendants: (1) Bhupinder Singh Dhillon (truck driver), (2) Chauhan Carrier, Inc. (trucking company), and (3) American Continental Insurance Company (truck insurer). Defendants pointed out in their notice of removal that the actual insurer was Redwood Fire & Casualty Insurance Company. The notice of removal stated that there were indications in the state court record that Plaintiff had requested service, but there was no evidence that any service had been completed.

After the case was removed, Defendants filed a motion to dismiss the claims of the minor Nichole Myers on the grounds that she did not have the proper procedural capacity. Plaintiff's counsel cured this by filing an amended complaint to name as a plaintiff Ellery Myers, in his capacity as natural tutor of the child. Despite more than one representation in the record that Redwood Fire & Casualty was the proper insurer of the truck, the amended complaint continued to list American Continental Insurance Company as the only insurer defendant. Doc. 13.

After the case had been pending for about four months with no indication of service, the Clerk of Court issued a notice of intent to dismiss (Doc. 14) that allowed Plaintiff's counsel 14 days to file a motion for extension of time to make service. The order warned that the civil action could be dismissed if no action was taken. Almost a month passed with no action by Plaintiff, so the Clerk of Court entered an order of dismissal (Doc. 15) that allowed a request for reinstatement within 30 days for good cause shown.

With the 30-day deadline approaching, Plaintiff's counsel filed a motion to reinstate and represented that actions had been taken to effect proper service on Chauhan Carrier, Inc. and Redwood Fire & Casualty. Judge James granted the request for reinstatement on

Page **2** of **8**

November 2, 2017 and ordered that Plaintiff make service on defendant Bhupinder S. Dhillon within 45 days, failing which the court would dismiss the claims against Dhillon. Doc. 21.

Defendants Chauhan Carrier and Redwood soon filed a Motion to Quash Service or to Dismiss (Doc. 22) that challenged the sufficiency of the alleged service that Plaintiff had offered in connection with his motion to reinstate. Plaintiff did not file any response, and the undersigned issued a Report and Recommendation (Doc. 24) that found the service was not valid. Even though Plaintiff had not demonstrated good cause, the undersigned recommended a final chance be provided for service before this personal injury suit was dismissed and became a legal malpractice case. Judge James adopted the recommendation and ordered Plaintiff's counsel to file evidence of valid service on all three defendants within 30 days of his February 6, 2018 order. Doc. 25.

With the deadline approaching, attorney Cloyd Benjamin Jr. filed a motion to withdraw as counsel for Plaintiff. Counsel represented that a copy of his motion had been served on his client by certified mail, and counsel provided the court with a home address for his client. The court granted the motion to withdraw and entered an order that strongly encouraged Plaintiff to retain new counsel. The order granted Plaintiff until May 7, 2018 to enroll new counsel or file with the court a written statement that he intends to proceed without counsel. The order warned: "Failure to take one of these steps by the May 7, 2018 deadline may result in Plaintiff's case being dismissed, without further notice, for failure to prosecute." Plaintiff was also granted until June 7, 2018 to file evidence of valid service as required by Judge James' order. A copy of the order, as well as a copy of Judge James'

recent order, were mailed to Plaintiff at his home address. Doc. 27. The mail was not returned, so presumably it was received.

The May 7 and June 7 deadlines passed without any activity of record by Plaintiff. Defendants then filed their Motion to Dismiss (Doc. 29) on the grounds of failure to prosecute and lack of timely service. The motion was noticed for briefing, but Plaintiff did not file any response. There has been nothing filed by Plaintiff, nor any communication from Plaintiff, since counsel withdrew.

**Lack of Timely Service**

### A. The Rule

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

This case was removed on May 10, 2017, so the 90-day period expired in August 2017. It is now approximately 11 months since that deadline. The court granted extensions, with the last deadline being June 7, 2018. It has been more than a month since that extended deadline passed.

### B. No More Discretionary Extensions

"Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013). A discretionary extension may be warranted "for example, if the applicable statute of

limitations would bar the refiled action, or if the defendant is evading service ...." Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008).

There is no suggestion that any party is evading service. Plaintiff has not requested an extension of time to serve any defendant. It appears that the statute of limitations would bar refiling if this case were dismissed without prejudice, but that issue will be addressed below. In the absence of any request for an extension to make or perfect service, or realistic likelihood that an extension would result in service, no additional extensions should be granted.

### C. No Good Cause

The court now turns to whether Plaintiff has demonstrated good cause. When a defendant challenges the timeliness of service, "the serving party bears the burden of proving … good cause for failure to effect timely service." Sys. Signs Supplies v. U.S. Department of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990). Good cause under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Thrasher, 709 F.3d at 511 (internal citation omitted).

The undersigned finds that Plaintiff has not demonstrated good cause. The record suggests that the delays in this case were the result of garden variety neglect or inadvertence by counsel, followed by an unwillingness of Plaintiff to retain new counsel or seek to complete service on his own. Plaintiff has not met his burden of demonstrating good cause.

### D. Effect of Limitations Period

The accident in this case is alleged to have happened in April 2016, meaning that dismissal of the complaint without prejudice will leave the claim time barred. If a statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) is reviewed on appeal under the heightened standard used to review a dismissal with prejudice. Thrasher, 709 F.3d at 512-13. The Fifth Circuit has stated that such dismissals are warranted only where there is a clear record of delay— characterized by significant periods of total inactivity—or contumacious conduct by the plaintiff, and a lesser sanction would not better serve the interests of justice. Id. When the court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: (1) delay caused by the plaintiff itself and not its attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. Id. at 514.

Plaintiff's counsel engaged in significant delay despite multiple reminders, extensions of time, and opportunities to make things right. Plaintiff was then afforded his own opportunity to either enroll a more diligent attorney or ensure on his own that service was made. Nothing happened of record, and it appears that Plaintiff has abandoned the case despite notice of his attorney's motion to withdraw, notice of the court's orders, and notice of this motion to dismiss.

The undersigned finds that, under the circumstances, dismissal without prejudice is appropriate with respect to all defendants for failure to make timely service. The limitations period may effectively make the dismissal with prejudice by creating a timeliness defense to any new complaint regarding the accident. That is unfortunate for

Plaintiff and his child, but Plaintiff could have easily avoided that scenario by responding to the court's orders or taking the preliminary step of serving his complaint.

**Failure to Prosecute**

Defendants also request dismissal based on failure to prosecute. "A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962).

Plaintiff did not take either of the steps directed in the court's order after counsel withdrew. He has also completely failed to participate in the litigation process. The case cannot go forward without his participation, and there is no hint that his participation is forthcoming or could be procured by more orders or any lesser sanction. Dismissal is, therefore, also warranted based on the failure to prosecute.

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion to Dismiss (Doc. 29)** be **granted**, and that this civil action be **dismissed** without prejudice for failure to make timely service on any defendant and for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of July, 2018.

Mark L. Hornsby
U.S. Magistrate Judge